**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1671
_____

UNITED STATES OF AMERICA

v.

CHARLES STROUD,
                                        Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 2-16-cr-00107-002
District Judge: The Honorable Paul S. Diamond
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 31, 2019

Before: HARDIMAN, PHIPPS and NYGAARD, *Circuit Judges*

(Filed: November 13, 2019)
_____

OPINION*
_____

PHIPPS, *Circuit Judge*.

Charles Stroud appeals his conviction and sentence for committing two armed

robberies, conspiring to commit robbery, and brandishing a firearm in connection with

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

the later robbery. Although Stroud filed a notice of appeal, his court-appointed counsel seeks to withdraw from representing him on appeal, and she has accordingly filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738 (1967); 3d Cir. L.A.R. 109.2(a). The brief asserts that Stroud cannot present any non-frivolous issue on appeal. Stroud has not submitted a *pro se* brief in support of his appeal. Based on the *Anders* brief, the Government's response, and our independent review, we will grant the motion by Stroud's counsel to withdraw from this case, and we will affirm the judgment of the District Court.

I.

The charges against Stroud relate to a robbery of a Cellular Sales Verizon Store and a later robbery of a TCC Verizon Premium Wireless store. In all, the superseding indictment contained five counts against Stroud: two counts of Hobbs Act robbery, 18 U.S.C. § 1951(a); one count of conspiracy to commit Hobbs Act robbery; and two counts of brandishing a firearm during a crime of violence, 18 U.S.C. § 924(c). Through an open plea Stroud pleaded guilty to all counts except the firearm charge associated with the first robbery. The District Court accepted Stroud's plea over the Government's objection concerning Stroud's decision not to plead guilty to the additional firearm charge. At sentencing, the District Court granted the Government's motion to dismiss that firearm charge.

The District Court sentenced Stroud based on his guilty plea. Stroud received a sentence of 156 months of incarceration for Counts One, Four, and Ten of the

2

superseding indictment to be served concurrently and 84 months of incarceration at Count Eleven of the superseding indictment to be served consecutive to the sentence at Counts One, Four, and Ten, for a total of 240 months. As a further component to his sentence, that period of incarceration is to be followed by three years of supervised release at Counts One, Four, and Ten concurrently with five years of supervised release at Count Eleven. Stroud was also sentenced to restitution and a special assessment. The District Court arrived at that sentence by first calculating Stroud's sentencing guidelines range, which as to Counts One, Four and Ten was 151 to 188 months of imprisonment based on an offense level of 29 and a criminal history category of VI. As part of the calculation, the District Court included a sentencing enhancement for "abduction," USSG § 2B3.1(b)(4)(A), and as to Counts One, Four and Ten an enhancement for "use of a firearm," USSG § 2B3.1(b)(2)(B). A mandatory 84-month consecutive sentence applied to the § 924(c) firearm conviction at Count Eleven. Thus, the effective total guidelines range for Stroud's incarceration was 235-272 months. Stroud's counsel objected to application of the sentencing enhancements and requested a slight downward variance. The District Court overruled the objections to the enhancements, denied the variance request, and sentenced Stroud.

After receiving his sentence, Stroud filed a *pro se* notice of appeal. Stroud's counsel moved to withdraw and filed an *Anders* brief, which was served on Stroud. The Government filed its brief in response agreeing that there are no non-frivolous issues for appeal. Stroud has not filed his own appellate brief.

The District Court had jurisdiction under 18 U.S.C. § 3231. This Court has jurisdiction over this appeal as an appeal of a final order, *see* 28 U.S.C. § 1291, and as a challenge to a sentence, *see* 18 U.S.C. § 3742(a).

## II.

The *Anders* briefing assists the court in making two determinations. Those are "that counsel in fact conducted the required detailed review of the case and that the appeal is indeed so frivolous that it may be decided without an adversary presentation." *Penson v. Ohio*, 488 U.S. 75, 81-82 (1988). An *Anders* brief must reflect that counsel has conscientiously and "thoroughly examined the record in search of appealable issues," *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001); *see also Penson*, 488 U.S. at 81-82, and must inform the court whether anything in the record "might arguably support the appeal," *Anders*, 386 U.S. at 744, or whether any appellate issue would be "so frivolous that it may be decided without an adversary presentation." *Penson*, 488 U.S. at 81-82; *see also Anders*, 386 U.S. at 744; *Youla*, 241 F.3d at 301. If, upon reviewing the *Anders* brief, the court concludes that the appeal is "without merit," then it "will grant counsel's *Anders* motion, and dispose of the appeal without appointing new counsel." 3d Cir. L.A.R. 109.2(a).

## III.

The *Anders* brief and the Government's response filed in accordance with 3d Cir. L.A.R. 109.2(a) identify three areas of potential appeal: the court's jurisdiction, the

4

validity of Stroud's plea, and the constitutionality of his sentence. As those briefs explain, none of those bases has arguable merit.

No jurisdictional defect exists here. Because Stroud was charged with several federal criminal offenses, the District Court had jurisdiction under 18 U.S.C. § 3231.

The *Anders* brief is also convincing that no meritorious challenge exists as to Stroud's guilty plea. The District Court fulfilled both the constitutional obligation to ensure that a plea be knowing, intelligent, and voluntary, *see Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005), as well as the procedural requirements of Fed. R. Crim. P. 11. Thus, any challenge to the plea colloquy would be meritless.

Finally, the *Anders* brief illustrates that no legitimate challenge exists to Stroud's sentencing, which was toward the bottom of the guidelines range. The transcript indicates that the District Court complied with the requirements of Fed. R. Crim. P. 32, engaged in the three-step process outlined in *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006), and imposed a reasonable sentence within the calculated guideline range.

Counsel's *Anders* brief satisfies the requirements and our independent review of the record reveals no non-frivolous issues for appeal.

## IV.

For these reasons, we will grant counsel's *Anders* motion to withdraw and will affirm the judgment of the District Court.